IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **JOSE HERNANDEZ-CUELLAR,** § | | |
| #26608-078 § | | |
| § | **CIVIL ACTION NO. 4:22cv147** | |
| VS. § | **CRIMINAL ACTION NO. 4:16cr111(1)** | |
| § | | |
| **UNITED STATES OF AMERICA** § | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *pro se* Movant Jose Hernandez-Cuellar's motion to reconsider (Dkt. #36) the final judgment in this case, along with his ancillary motion for leave (Dkt. #34) to file amended objections to the Report and Recommendation ("the Report") (Dkt. #25) of the United States Magistrate Judge and his amended objections (Dkt. #35).

On January 6, 2025, United States Magistrate Judge Aileen Goldman Durrett issued the Report (Dkt. #25) recommending that the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be denied and that the case be dismissed with prejudice. Movant filed objections to the Report (Dkt. #31). On March 10, 2025, after reviewing the Report and conducting a *de novo* review of Movant's objections, the Court entered a Memorandum Adopting Report and Recommendation of United States Magistrate Judge and a Final Judgment dismissing the case with prejudice and denying a certificate of appealability (Dkts. ##32, 33).

Movant's motion for leave (Dkt. #34) to file amended objections to the Report, as well as his amended objections (Dkt. #35), are dated February 19, 2025, but they were not received by the Court until March 12, 2025, after final judgment had entered in this case. Movant's motion for reconsideration is dated March 20, 2025, and was docketed on March 31, 2025 (Dkt. #36). The Court construes together the amended objections (Dkt. #35) and motion for reconsideration

(Dkt. #36) as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

Rule 59(e) permits this Court to alter or amend the judgment due to (1) an intervening change in controlling law, (2) availability of new evidence not previously available, (3) the need to correct a clear error of law or fact, or (4) to prevent a manifest injustice. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479; *Shackelford v. Harden*, No. 6:11CV701, 2012 WL 947668, at *1 (E.D. Tex. Mar. 20, 2012). Rule 59(e) motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. *See Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991). Additionally, Rule 59(e) motions cannot be used as a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Chi v. United States*, No. 4:12CR155(1), 2022 WL 17347781, at *1 (E.D. Tex. Nov. 30, 2022) (quoting *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Movant does not offer newly discovered evidence or argue there has been an intervening change in controlling law or a need to correct manifest errors of law or fact. Rather, Movant reurges issues previously raised, raises arguments which could—and should—have been made before final judgment issued, and presents his case under new legal theories. Movant's Rule 59(e) motion is thus nothing more than a "second bite at the apple." Thus, Movant fails to show that the Final Judgment should be altered or amended.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability "is required to appeal the denial of a Rule 59(e) motion in a habeas case." *Mitchell v. Davis*, 669 F. App'x 284, 284 (5th Cir. 2016) (per curiam) (citing *Ochoa Canales v. Quarterman*, 507 F.3d 884, 887–88 (5th Cir. 2007)). A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the movant shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* Additionally, to obtain a certificate of appealability to appeal the denial of a Rule 59(e) motion, a movant must show that jurists of reason could debate whether the district court abused its discretion in denying the motion. *See Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011).

Movant fails to meet these standards. He has not made a substantial showing of the denial of a constitutional right. Further, reasonable jurists could not debate whether the Court should have resolved Movant's Rule 59(e) motion in a different manner or whether his issues deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336- 37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, Movant is not entitled to a certificate of appealability as to his Rule 59(e) motion.

## CONCLUSION

It is accordingly **ORDERED** that Movant's motion for leave (Dkt. #34) to file amended objections is **GRANTED**.

It is further **ORDERED** that Movant's construed Rule 59(e) motion (Dkts. ##35, 36) is **DENIED**. It is also **ORDERED** that a certificate of appealability is **DENIED** as to the Rule 59(e) motion.

**IT IS SO ORDERED.**

**SIGNED** this 11th day of June, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE